**Dev IYER, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY,**
**Respondent.**

No. 04–3141.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 9, 2004.

Dev Iyer, Havertown, PA, pro se.

Kenneth S. Kessler, Donald E. Kinner, David M. Cohen, Department of Justice, Washington, DC, for Respondent.

Before MAYER, Chief Judge, LOURIE and LINN, Circuit Judges.

PER CURIAM.

Dev Iyer petitions for review of the final decision of the Merit Systems Protection Board, denying his Individual Right of Action ("IRA") appeal brought under the

Whistleblower Protection Act of 1989, Pub. L. No. 101–12, 103 Stat. 16 (codified in scattered sections of 5 U.S.C.) (the "WPA"). *Iyer v. Dep't of Treasury*, 95 M.S.P.R. 239 (M.S.P.B.2003) (*"Opinion and Order"*). We *affirm*.

## BACKGROUND

Mr. Iyer filed an IRA appeal at the Merit Systems Protection Board, alleging that his nonselection for Economist and Attorney positions by the Internal Revenue Service ("IRS") had been in retaliation for protected disclosures allegedly revealing that an IRS district office had misapplied the Earned Income Tax Credit and the Child/Dependent Care Tax Credit. An administrative judge ("AJ") held a hearing on the merits of Iyer's case, but then dismissed Iyer's appeal for lack of Board jurisdiction. *Iyer v. Dep't of Treasury*, No. PH–1221–02–0309–W–2 (M.S.P.B. Apr. 9, 2003) (*"Initial Decision"*). Iyer appealed to the full Board, which ruled that the Board did have jurisdiction over Iyer's appeal. *Opinion and Order*, slip op. at 2–3. The Board also ruled, however, that, because the AJ had found that the officials involved in the processes of making the selections for the Economist and Attorney positions had testified credibly that they had no actual or constructive knowledge of Iyer's whistleblowing activity, Iyer had not demonstrated by preponderant evidence that his alleged whistleblowing was a contributing factor in his nonselection for those positions. *Id.* at 5. The Board accordingly denied Iyer's request for corrective action. *Id.*

Iyer timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

"To prevail in a case of retaliation for whistleblowing under the WPA, an employee must show by a preponderance of the evidence that a protected disclosure was made and that it was a contributing factor in the personnel action." *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1143 (Fed. Cir.1998); *see also* 5 U.S.C. § 1221(e)(1) (2000); 5 C.F.R. § 1209.7; *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed. Cir.1993). If the employee fails to demonstrate that the aggrieved personnel action was the result of a prohibited personnel action as defined by § 2302(a)(2), he is not entitled to corrective relief under the WPA. *Willis*, 141 F.3d at 1143.

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Ellison*, 7 F.3d at 1034.

Iyer argues that the AJ dismissed the case exclusively on jurisdictional grounds and that the Board therefore "in effect, decided *suo moto*, the merits of the case without due process and without giving an opportunity to appellant to present his case." Nonetheless, although Iyer contends that "[AJ] Rudisill does not cite any other reason for his dismissal," he concedes in the next sentence of his Petition that "Rudisill has decided the case based on the merits of the case."

We agree with the Board that the AJ did in fact make sufficient factual findings for the case to be decided on the merits, despite the AJ's erroneous legal conclusion that the Board lacked jurisdiction. Indeed, nearly half of the AJ's decision is devoted to a discussion in support of his conclusion that "[t]he appellant has not

established by preponderant evidence that his alleged protected disclosures were a contributing factor in the personnel actions at issue in this case." *See Initial Decision,* slip op. at 7–12.

Iyer also argues that he "overwhelmingly proved ... that: (a) he made protected disclosures ...; [and] (b) the agency took or failed to take, or threatened to take or fail to take, a 'personnel action.'" Whether or not that is true, it is irrelevant in view of the Board's denial of Iyer's claim for failure to demonstrate by a preponderance of the evidence that his protected disclosures were a contributing factor in that personnel action.

We have considered Iyer's remaining arguments and find them unconvincing.

## CONCLUSION

Because the Board's decision was supported by substantial evidence, contained no procedural irregularities, and was not contrary to law, we affirm.