**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SONYA GIDDINGS,<br>          Appellant, | DOCKET NUMBER<br>PH-1221-16-0474-W-1 |
| v. | |
| SOCIAL SECURITY<br>     ADMINISTRATION,<br>          Agency. | DATE:  December 6, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sonya Giddings, Philadelphia, Pennsylvania, pro se.

Edward C. Tompsett, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to clarify the basis of the Board's jurisdiction and to find that the administrative judge erred in reaching the issue of whether the agency proved by clear and convincing evidence that it would not have selected the appellant absent her protected activity, we AFFIRM the initial decision.

## BACKGROUND

In March 2016, the appellant applied for a Claims Representative position under vacancy announcement number (VAN) SN-1640477 for positions being filled in three agency offices in New Jersey:  Cherry Hill, Mount Holly, and Trenton.  VAN SN-1640477 accepted applicants from any United States citizen, including non-agency employees, such as the appellant.  Initial Appeal File (IAF), Tabs 23, 26.  The appellant was not selected for a position in any of the offices. IAF, Tabs 23, 26.  On May 23, 2016, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency did not select her for the positions in retaliation for a complaint that she filed with OSC on August 2, 2014, and for an individual right of action (IRA) appeal, *Giddings v. Social Security Administration*, MSPB Docket No. PH-1221-15-0302-W-1, which she filed with the Board on April 13, 2015.  IAF, Tab 1 at 13-27.  After her complaint had been pending with OSC for more than 120 days, she filed the instant IRA appeal with the Board.  *Id*. at 1.  She did not request a hearing.  *Id*. at 4.

¶3      Based on the written record, the administrative judge found that the appellant established jurisdiction over her appeal.  IAF, Tab 47, Initial Decision (ID) at 1-2.  The administrative judge also found that the appellant established that she engaged in protected activity under 5 U.S.C. § 2302(b)(9) that may form the basis of an IRA appeal.  ID at 10.  However, he found that the appellant failed to show by preponderant evidence that her protected activity was a contributing factor to her nonselection for any of the Claims Representative positions because the selecting officials did not know of her protected activity.  ID at 11-13.  He also found that the agency established by clear and convincing evidence that it would not have selected the appellant absent the protected activity.  ID at 14-19.  The administrative judge denied the appellant's request for corrective action.  ID at 19.

¶4      In her petition for review, the appellant alleges that one of the selectees for the Claims Representative position in Trenton was not best qualified and should not have been selected over the appellant.  Petition for Review (PFR) File, Tab 1 at 4.  She also contends that, in finding that she did not prove that her protected activity was a contributing factor in the nonselections, the administrative judge erred in failing to consider the "cat's paw" theory, i.e., that the selecting officials had constructive knowledge of the appellant's protected activity.  *Id.* at 5-9.  Additionally, the appellant alleges that the administrative judge was biased.  *Id.* at 9.  After she filed her petition for review, the appellant sought anonymity by filing a motion for John Doe status for this appeal, her April 13, 2015 IRA appeal, and another previous IRA appeal, *Giddings v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-15-0411-W-1.  PFR File, Tab 4.  The agency responded in opposition to the petition for review.  PFR File, Tab 3.

**ANALYSIS**

The appellant's motion for John Doe status is denied.

¶5    The Board has not adopted a rigid, mechanical test for determining whether to grant anonymity in cases, but instead applies certain general principles in making such determinations. *Ortiz v. Department of Justice*, 103 M.S.P.R. 621, ¶ 10 (2006). Those factors include whether identification creates a risk of retaliatory physical or mental harm, whether anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature, or whether the anonymous party is compelled to admit her intention to engage in illegal acts, thereby risking criminal prosecution. *Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 10 (2007). The Board also considers whether anonymity is necessary to prevent a clearly unwarranted invasion of a third party's privacy or whether anonymity is necessary to preserve the appellant's physical safety. *Id.* Other potentially relevant factors include whether the appellant requested anonymity at the beginning of the proceeding before the Board versus immediately after the need for anonymity became apparent, and which party placed the sensitive matter in question at issue in the appeal. *Id.*

¶6    A party seeking anonymity must overcome the presumption that parties' identities are public information. *Id.,* ¶ 11. Anonymity should be granted to litigants before the Board only in unusual circumstances, and determining whether to grant anonymity must depend on the particular facts of each case. *Id.* A litigant seeking anonymity before the Board must present evidence establishing that harm is likely, not merely possible, if her name is disclosed. Even if some harm is likely, the Board grants anonymity only when the likelihood and extent of harm to the appellant significantly outweighs the public interest in the disclosure of the parties' identities. *Id.*

¶7    We require parties requesting anonymity to make an actual evidentiary showing that "harm is likely, not merely possible, if his or her name is disclosed." *Ortiz,* 103 M.S.P.R. 621, ¶ 10. The appellant has offered nothing more than a

bare allegation that her cases being public creates an "unwarranted invasion of privacy"; she has not explained why "harm is likely," and she has not offered any evidence to support her allegation. PFR File, Tab 4 at 4. Thus, we conclude that she has not rebutted the presumption that parties' identities are public information in Board cases, and we deny her motion.

<u>The appellant failed to show that the administrative judge was biased.</u>

¶8       In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 15 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *Smets*, 117 M.S.P.R. 164, ¶ 15. The appellant's allegations on review, which do not relate to any extrajudicial conduct by the administrative judge, neither overcome the presumption of honesty and integrity that accompanies an administrative judge nor establish that he showed a deep-seated favoritism or antagonism that would make fair judgment impossible. Accordingly, she has failed to show bias.

<u>The Board has jurisdiction over this appeal.</u>

¶9       Although the administrative judge found that the appellant established Board jurisdiction over her appeal, ID at 1, he erred in failing to provide any reasoning for his finding. An initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel*

*Management*, 1 M.S.P.R. 587, 589 (1980). Because the record is complete, we have considered whether the Board has jurisdiction over this appeal.

¶10    The Board has jurisdiction over an IRA appeal if the appellant establishes by preponderant evidence that she exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014). Here, the appellant exhausted her administrative remedies with OSC concerning her allegations that she was not selected for various Claims Representative positions in retaliation for her August 2, 2014 OSC complaint and April 13, 2015 IRA appeal.[2] IAF, Tab 1 at 17-18. In addition, she made a nonfrivolous allegation that her August 2, 2014 OSC complaint, in which she alleged that her supervisor violated 5 U.S.C. § 2302(b)(4) by providing a false reference, constitutes protected activity under 5 U.S.C. § 2302(b)(9)(C). That section provides that an employee engages in protected activity when she cooperates with or discloses information to OSC in accordance with applicable provisions of law. *See* 5 U.S.C. § 1214 (authorizing OSC to receive and investigate allegations of prohibited personnel practices).[3]

---

[2] To the extent the appellant alleges retaliation in connection with vacancies that were filled after she filed her May 23, 2016 OSC complaint, IAF, Tab 1 at 12, she has not shown that she exhausted her administrative procedures with OSC regarding those nonselections. Thus, the Board does not have jurisdiction to address whether those nonselections were retaliatory. *See Linder*, 122 M.S.P.R. 14, ¶ 6.

[3] The appellant's April 13, 2015 IRA appeal, in which she also alleged retaliation for filing her August 2, 2014 OSC complaint, appears to constitute protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), which covers "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . other than with regard to remedying a violation of paragraph (8)." Because the Board has not been granted

¶11    We further find that the appellant nonfrivolously alleged that this protected activity was a contributing factor in a personnel action taken against her. One way to establish the contributing factor criterion is through the knowledge/timing test, under which an employee may nonfrivolously allege that the protected activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the personnel action. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 10 (2013). Here, the appellant alleges that many of the agency employees involved in the selections for the Claims Representative positions were aware of her protected activity because they gave statements in her April 13, 2015 Board appeal, in which her August 2, 2014 complaint to OSC was an issue, and thus, they knew of her protected activity. IAF, Tab 13 at 4-5. We therefore find that the appellant made a nonfrivolous allegation satisfying the knowledge prong of the knowledge/timing test. Regarding the timing prong of the knowledge/timing test, the nonselections at issue occurred by May 23, 2016, within 22 months after the appellant filed her August 2, 2014 OSC complaint, and the Board has held that a personnel action that occurs within 2 years of the appellant's protected activity satisfies the timing prong of the knowledge/timing test. *See Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 23 (2013).

¶12    Finally, we find that the appellant made a nonfrivolous allegation that the agency failed to take a personnel action as defined by 5 U.S.C. § 2302(a) by not selecting her for a Claims Representative position. A nonselection is a "personnel

---

appeal jurisdiction over allegations of retaliation for activity protected under § 2302(b)(9)(A)(ii), our jurisdiction over this appeal does not extend to the appellant's allegation that the agency did not select her for the Claims Representative positions in retaliation for her April 13, 2015 appeal. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).

action" for purposes of the Whistleblower Protection Act. 5 U.S.C. § 2302(a)(2)(A); *Reeves v. Department of the Army*, 99 M.S.P.R. 153, ¶ 15 (2005); *Embree v. Department of the Treasury*, 70 M.S.P.R. 79, 86 (1996); *see also Greenspan v. Department of Veterans Affairs*, 94 M.S.P.R. 247, ¶ 14 (2003) (finding that when the appellant makes a nonfrivolous allegation that at least one alleged personnel action was taken in retaliation for at least one alleged protected disclosure, he establishes the Board's jurisdiction over his IRA appeal), *rev'd on other grounds*, 464 F.3d 1297 (Fed. Cir. 2006). Accordingly, we find that the appellant established jurisdiction over this IRA appeal. *See Linder*, 122 M.S.P.R. 14, ¶ 6.

## The appellant failed to establish a prima facie case of retaliation for protected activity.

¶13      After establishing the Board's jurisdiction in an IRA appeal, the appellant then must establish a prima facie case of retaliation by proving by preponderant evidence that she made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action taken against her. 5 U.S.C. § 1221(e)(1); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 11 (2012). If the appellant meets that burden, then the Board shall order such corrective action as it considers appropriate unless the agency shows by clear and convincing evidence that it would have taken the same personnel action absent the protected disclosure or activity. 5 U.S.C. § 1221(e)(1)–(2); *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 12 (2011).

¶14      In early 2016, the agency approved the hiring of Claims Representatives in Cherry Hill, Mount Holly, and Trenton. IAF, Tab 23 at 25. To fill the open positions, the agency posted two different vacancy announcements. *Id.* First, the agency internally posted VAN SN-1634926, which accepted applications from current agency employees only. *Id.* at 26. This vacancy announcement was open from February 24 through March 16, 2016. *Id.* The agency also posted a vacancy announcement for the Claims Representative position under VAN SN-1640477.

*Id.* This vacancy announcement was open from March 1 through March 2, 2016. *Id.* As noted, the appellant applied only under VAN SN-1640477.

¶15 The district managers throughout New Jersey were given a certain number of Claims Representative positions to fill in their respective field offices based on factors such as staffing needs, the loss of any employees, and available space for new employees. *Id.* The Deputy Area Director, who had authority to approve the district managers' selections, explained that, in selecting applicants for the Claims Representative positions, the district manager of each field office was first to consider only internal applicants who applied under VAN SN-1634926. *Id.* If there were remaining vacancies in the field offices after the district managers selected from the list of internal applicants, the district managers would then consider the eligible external applicants under VAN SN-1640477. *Id.* However, veteran applicants for the Claims Representative position under the external vacancy announcement were considered before any nonveterans. *Id.* Consequently, the district managers interviewed each veteran to assess the veteran's ability to "meet and deal" with the public based on the applicant's responses to situational questions. *Id.* If a veteran "passed" the interview, the veteran could be selected for an open position that still existed after hiring occurred from the internal vacancy announcement. *Id.* at 27. After completing the veteran interviews, all field office managers conducted "meet and deal" interviews of the eligible nonveteran applicants, including the appellant, under the external vacancy. *Id.* The appellant presented no evidence or argument to dispute that Claims Representative positions were filled in the manner as set out by the agency in its submissions.

¶16 The Cherry Hill office had three vacancies. *Id.* at 28. The District Manager of the Cherry Hill office selected two applicants from the internal vacancy VAN. *Id.* at 37-40. As noted, the appellant did not apply under this vacancy announcement, and, under the circumstances presented here—wherein she failed to rebut the agency's evidence that district managers must first select from

internal candidates to fill Claims Representative positions—any selections under that announcement could not be considered nonselections of the appellant. Thus, we find that the appellant failed to establish by preponderant evidence that the Cherry Hill District Manager took a personnel action as defined by 5 U.S.C. § 2302(a) regarding the appellant under VAN SN-1634926.

¶17 The Cherry Hill District Manager also made a selection under VAN SN-1640477. *Id.* She selected a veteran, pursuant to the selection sequence prescribed by higher agency managers. Notwithstanding the selection sequence, because the Cherry Hill District Manager made a selection under VAN SN-1640477, and did not select the appellant, she established by preponderant evidence that one nonselection under VAN SN-1640477 for a Claims Representative position in the agency's Cherry Hill office was a personnel action taken against her under § 2302(a). However, the District Manager of the Cherry Hill office declared under penalty of perjury that she "was unaware of [the appellant's] Office of Special Counsel complaints concerning her former supervisor or her prior Merit Systems Protection Board (MSPB) appeal." IAF, Tab 23 at 40. The appellant presented no evidence or argument to rebut this declaration, and thus, she failed to prove by preponderant evidence under the knowledge prong of the knowledge/timing test that her protected activity was a contributing factor to her nonselection for a Claims Representative position in the Cherry Hill Office.

¶18 The Mount Holly office had two vacancies. *Id.* at 34-36. The District Manager filled both of these vacancies from internal candidates. *Id.* As with the internal selections made by the Cherry Hill District Manager, we find that the appellant failed to establish by preponderant evidence that the Mount Holly District Manager took a personnel action as defined by 5 U.S.C. § 2302(a) regarding the appellant under VAN SN-1634926.

¶19 The Trenton office had three vacancies. *Id.* at 30-33. The District Manager made all of his selections from VAN SN-1640477, two veterans and one

nonveteran. *Id.* He did not select the appellant. Therefore, the appellant established by preponderant evidence that her nonselections for the Trenton office were personnel actions under § 2302(a). However, the District Manager of the Trenton office declared under penalty of perjury that when "selecting applicants to the Claims Representative position, I was unaware of Appellant's complaint concerning her former supervisor, any Office of Special Counsel complaint, or Appellant's prior Merit Systems Protection Board (MSPB) appeal." *Id.* at 32. As explained more fully below, the appellant did not rebut this declaration, and thus, she failed to prove by preponderant evidence under the knowledge prong of the knowledge/timing test that her protected activity was a contributing factor to her nonselection for a Claims Representative position in the Trenton office.

¶20      As the appellant argues on review, the administrative judge did not use the phrase "cat's paw" theory in his finding that the appellant failed to show that the Trenton District Manager's not selecting her for the Claims Representative position was influenced by other agency employees who knew of the appellant's protected activity. PFR File, Tab 1 at 5-9. The Supreme Court has adopted the term "cat's paw" to describe a case in which a particular management official, acting because of an improper animus, influences another agency official who is unaware of the improper animus when implementing a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 11 (2012) (citing *Staub v. Proctor Hospital*, 562 U.S. 411 (2011)). Under the cat's paw theory, an appellant can establish that a prohibited animus toward a whistleblower was a contributing factor in a personnel action by showing by preponderant evidence that an individual with knowledge of the protected disclosure influenced the officials who are accused of taking the personnel actions. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 23 (2014). Here, although the administrative judge did not use the term "cat's paw," he carefully considered whether the employees who knew of the appellant's protected activity influenced the Trenton District Manager's decision to not select the appellant, and he

properly found that the appellant failed to show that they had done so. ID at 12-13. Thus, we find that appellant's argument that the Trenton District Manager was aware of her OSC complaint under "cat's paw" theory is unavailing.

¶21    Because the appellant failed to show by preponderant evidence that her nonselection for two positions in the Cherry Hill office under VAN SN-1634926 and two positions in the Mount Holly office under VAN SN-1634926 were personnel actions, she failed to meet her burden to prove a prima facie case of retaliation regarding those nonselections. Further, because the appellant failed to demonstrate by preponderant evidence that the district managers who made the selections from VAN SN-1640477 knew of her protected activity, she failed to show by preponderant evidence that her protected activity was a contributing factor to those nonselections, and thus failed to prove her prima facie case of retaliation for those nonselections. *See Iyer v. Department of the Treasury*, 95 M.S.P.R. 239, ¶ 9 (2003), *aff'd*, 104 F. App'x 159 (Fed. Cir. 2004). Accordingly, we find that the administrative judge properly denied the appellant's request for corrective action. *Id.*, ¶ 10.

¶22    Despite the appellant's failure to establish a prima face case of retaliation, the administrative judge proceeded to make findings on whether the agency had proved by clear and convincing evidence that it would not have selected the appellant for the Claims Representative position despite her protected activity. ID at 14-19. An administrative judge only reaches the agency's burden to prove that it would have taken the same action absent the appellant's protected activity after the appellant has met her burden to establish a prima facie case. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 13 (2016). Given his correct finding that the appellant failed to prove her prima facie case, it was inappropriate for the administrative judge to determine whether the agency proved by clear and convincing evidence that it would have taken the same action absent the appellant's whistleblowing. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (stating that the Board may not proceed to the

clear and convincing evidence test unless it has first determined that the appellant established his prima facie case), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's findings that the agency proved by clear and convincing evidence that it would not have selected the appellant for the Claims Representative position absent her whistleblowing.

<u>The appellant's allegation that she was better qualified than the selectee for the Claims Representative position in Trenton is beyond the scope of this appeal.</u>

¶23        In an IRA appeal, the Board lacks the authority to adjudicate the merits of the underlying personnel action; rather, our jurisdiction is limited to adjudicating the whistleblower allegations. *See Marren v. Department of Justice*, 51 M.S.P.R. 632, 639 (1991), *aff'd*, 980 F.2d 745 (Fed. Cir. 1992) (Table), *and modified on other grounds by Robinson v. U.S. Postal Service*, 63 M.S.P.R. 307, 323 n.13 (1994). Thus, we do not have jurisdiction to make findings on the appellant's assertion that she should have been selected for the Claims Representative position in the agency's Trenton office because she was better qualified than the selectee.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         Jennifer Everling
                                       _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.